IN THE NORTHERN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, | ) ) ) ) ) ) ) ) ) ) | No. 13 CV 170 Judge Chang |
| Plaintiffs, | ) | Magistrate Judge Finnegan |
| v. | ) ) | |
| ZEBRA PLUMBING SERVICES, LLC, an Illinois limited liability company, | ) ) ) | |
| Defendant. | ) | |

## **PLAINTIFF TRUSTEES' MOTION FOR JUDGMENT IN SUM CERTAIN**

NOW COME the Plaintiffs, the BOARDS OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUNDS, by and through their attorneys, ANDREW S. PIGOTT, DONALD D. SCHWARTZ, and ARNOLD & KADJAN, and, in their Motion for Default Judgment against Defendant, ZEBRA PLUMBING SERVICES, LLC ("ZEBRA"), state as follows:

1. Plaintiff Trustees filed their Complaint against ZEBRA, on July 24, 2012, seeking an order compelling a fringe benefit contributions audit, judgment on any amounts determined to be due under the audit, and a judgment for known liquidated damages.

2. Plaintiff Trustees served ZEBRA with the Complaint and Summons on August 6, 2012.

3. ZEBRA never answered or otherwise pled to the Complaint, and is in default.

4. Subsequent to service of the Complaint and Summons, ZEBRA agreed to undergo the audit on a voluntary basis.

5. According to the Affidavit of James Vasilakos (Ex. A), Plaintiffs' auditor, he determined ZEBRA to be delinquent in its contribution obligations, and to owe the Funds the following amounts:

    a. $506.60 in Union dues;

    b. $2,900.88 in Pension Fund contributions;

    c. $1,139.01 in Retirement Fund contributions;

    d. $2,881.01 in Health & Welfare Fund contributions;

    e. $458.29 in Education Fund contributions;

    f. $99.17 in Industry Fund contributions;

    g. $26,80 in International Training Fund contributions;

    h. $801.18 in liquidated damages based on ZEBRA's failure to timely pay the amounts identified in the audit;

    i. $276.10 in liquidated damages for contributions outside of the audit findings paid late; and

    j. $850.35 in audit costs.

5. According to the Affidavit of Andrew S. Pigott, the Plaintiff Funds have incurred $2,537.50 in attorneys' fees and costs in prosecuting this case, so far. (Ex. B).

WHEREFORE, Plaintiff Trustees ask this Court to enter the Order attached to their Motion as Exhibit C.

Respectfully submitted,

**BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al.**

BY:    s/Andrew S. Pigott
       One of Plaintiffs Attorneys

Donald D. Schwartz
Andrew S. Pigott
ARNOLD AND KADJAN
203 N. LaSalle St., Ste. 1650
Chicago, Illinois 60601
(312) 236-0415